**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| RICHARD M. STEWART, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. 7:01-CV-36 |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISQUALIFY**
**ROBERT CORK AND PATRICK CORK AS PLAINTIFF'S COUNSEL**

Pursuant to M.D. Ga. L.R. 83.2.1(A), Georgia Rule of Professional Conduct 3.7(a), and American Bar Association Model Rule of Professional Conduct 3.7(a), Defendant Bank of America, N.A. (the "Bank"), hereby respectfully requests the Court to disqualify Patrick Cork and Robert Cork from their representation of Plaintiff Richard M. Stewart, Jr. (the "Plaintiff"), on the grounds that Patrick Cork and Robert Cork are both counsel for Plaintiff and necessary witnesses in the above-styled action. In support of this motion, the Bank relies upon the allegations of Plaintiff's Complaint, the Bank's Certificate of Good Faith Efforts to Resolve Dispute, and Supporting Brief filed herewith.

Respectfully submitted,

**ELLIOTT & BLACKBURN, P.C.**

By: _Walter G. Elliott_
    Walter G. Elliott
    Georgia Bar No. 244855

3016 North Patterson Street
Valdosta, Georgia 31602
(229) 242-3333

**PARKER, HUDSON, RAINER & DOBBS LLP**

By: _____
    William J. Holley, II
    Georgia Bar No. 362310
    Charles W. Lyons
    Georgia Bar No. 462345
    Aaron W. Lipson
    Georgia Bar No. 453828

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404)523-5300

Attorneys for Bank of America, N.A.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RICHARD M. STEWART, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 7:01-CV-36 |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

## CERTIFICATE OF GOOD FAITH EFFORTS TO RESOLVE DISPUTE

1.

I, William J. Holley, II hereby certify the efforts that have been taken to resolve the issue of plaintiff's counsels' disqualification before the filing of the instant motion.

2.

My firm, together with Walter Elliott of the Elliott and Blackburn firm in Valdosta, represent Defendant Bank of America, N.A.(the "Bank") in this civil action. No member of my firm or Mr. Elliott's firm had knowledge of the subject matter of the dispute until after the complaint was filed. Our knowledge was gained as a result of our investigation of the facts as trial counsel for the Bank.

3.

Since my first review of the Complaint and the correspondence preceding the Complaint to and from Robert and Patrick Cork, I was concerned that Robert and Patrick Cork are material witnesses to certain of the key allegations alleged in the Complaint. This concern was raised in a telephone conversation with Patrick Cork in

May of this year shortly after my firm was retained as trial counsel for the Bank.

4.

In preparing the Rules 16 and 26 Order for the Court, it became apparent to me that proper discovery in this case necessarily would require depositions of Robert Cork and Patrick Cork. Although, I explained to Patrick Cork that the Bank did not believe that he and Robert could act both as witnesses and counsel in the case, Patrick Cork told me that he would not withdraw as counsel for plaintiff.

5.

After receiving the Court's July 12, 2001, correspondence inquiring as to the propriety of attorneys for the plaintiff being witnesses in the case, I prepared a letter to the court, dated July 23, 2001, in which I explained the Bank's position regarding the role of Robert and Patrick Cork as witnesses. A copy of my July 23, 2001, correspondence was sent to Robert and Patrick Cork and is attached hereto as Exhibit A.

6.

During the August 14, 2001, status conference in this case, I was present when Robert Cork described to the Court his personal recollection of the disputed events occurring at the foreclosure sale. The Court thereafter stated that it did not intend to allow plaintiff's counsel to act as counsel and witnesses in the case. During the same status conference, the Court set a ninety-day

- 2 -

period for the Bank to take the depositions necessary for its defense.

7.

On August 21, 2001, I sent a letter to Robert and Patrick Cork requesting that they withdraw as counsel for plaintiff within twenty days so that substitute counsel could make appearance and discovery could proceed. A true and correct copy of my August 21, 2001, correspondence is attached hereto as Exhibit B.

8.

On August 27, 2001, I had a telephone conversation with both Robert and Patrick Cork. Although I attempted to explain to the Corks that the Bank's request for their disqualification was not personal and that I believed I had a duty as an attorney licensed in the State of Georgia to proceed within the ethical rules of professional conduct, Patrick Cork accused me of pursuing a personal vendetta and told me that neither he nor his father would withdraw as counsel unless told to do so by the Eleventh Circuit. Patrick Cork also told me that if the Bank pursued its request for disqualification he would seek to take my deposition and seek to have my firm disqualified as counsel for the Bank. Later in the day, on August 27, 2001, I received a letter from Patrick Cork in which he claimed to seek my deposition and the depositions of other members in my firm and to seek my firm to withdraw as counsel for Bank of America. A true and correct copy of Patrick Cork's August 27, 2001, correspondence to me is attached hereto as Exhibit C.

9.

Twenty days have passed since the Bank's request for Robert Cork and Patrick Cork to withdraw and for Plaintiff to obtain substitute counsel and  neither has happened.


I hereby certify that the above facts relating to the good faith efforts taken to resolve this dispute are true and correct to the best of my knowledge.


Respectfully submitted,

By: _____
William J. Holley, II
Georgia Bar No. 362310

Sworn to and subscribed
before me this *13th* day
of *September* _____, 2001.

_____
Notary Public

My Commission Expires:
LINDA L. WILLIAMS
NOTARY PUBLIC, DeKALB COUNTY, GEORGIA
~~MY COMMISSION EXPIRES FEB. 9, 2003~~
(AFFIX NOTARIAL SEAL)

{163567.2}   001204-00263

# **EXHIBIT A**

PARKER, HUDSON, RAINER & DOBBS LLP

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

WILLIAM J. HOLLEY, II
DIRECT DIAL
(404) 420-5544

1500 MARQUIS TWO TOWER
285 PEACHTREE CENTER AVENUE, N.E.
ATLANTA, GEORGIA 30303
(404) 523-5300

OFFICES IN:

ATLANTA, GEORGIA
TALLAHASSEE, FLORIDA

TELECOPIER
(404) 522-8409

wholley@phrd.com

July 23, 2001

The Honorable Wilbur D. Owens, Jr.
United States District Court
Middle District of Georgia
Post Office Box 65
Macon, GA   31202

        Re:  Stewart v. Bank of America; 7:01-cv-36 (WDO)

Dear Judge Owens:

        My firm, together with Walter Elliott of the Elliott &
Blackburn firm in Valdosta, represents Defendant Bank of America,
N.A. in the above-referenced civil action.  I write to respond to
your July 12, 2001 inquiry regarding the indication in the
proposed scheduling order that discovery in the case will include
the depositions of Robert and Patrick Cork, attorneys for the
plaintiff.

        This case arose after the Bank exercised its right to
foreclose on plaintiff's residence following plaintiff's default
on a loan made by the Bank.  Plaintiff alleges that he hired the
Corks sometime prior to the foreclosure proceedings to address a
dispute regarding plaintiff's alleged pay off of the loan.  The
Corks communicated with counsel then representing the Bank in an
attempt to collect the debt (Ms. L. Lou Allen of the Atlanta firm
Eells & Allen, LLC.)  Plaintiff alleges that Ms. Allen's firm
"failed or refused to provide a satisfactory explanation" for the
disputed payment.  (Complaint at ¶ 10)

        In the foreclosure proceedings the Bank was represented by
Ms. Allen and attorney William McCalley from Moultrie.  Plaintiff
was represented by the Corks during the foreclosure proceedings.
Plaintiff contends that the Bank and its attorneys conspired to
create ambiguities in the foreclosure notice so that plaintiff
could not attend the foreclosure sale.  (Complaint at ¶ 23)

The Honorable Wilbur D. Owens, Jr.
July 23, 2001
Page 2


Nonetheless, both Corks attended the foreclosure sale and acted as plaintiff's agents in communications with Mr. McCalley. Plaintiff alleges that Mr. McCalley wrongfully refused a tender made by Robert Cork and that Mr. McCalley made statements to the Corks on behalf of the Bank. (Complaint at ¶ 12 and correspondence attached to this letter as Exhibit A)

Neither Ms. Allen nor Mr. McCalley act as trial counsel for the Bank. Indeed, the Bank believes that Mr. McCalley and Ms. Allen or her paralegal will be witnesses in the case and will testify regarding communications with the Corks. The Corks have indicated in the proposed scheduling order that they will depose Mr. McCalley. The Bank's trial counsel had no connection with the facts and circumstances giving rise to the complaint and were not engaged until after the complaint was served on the Bank.

For these reasons, the Bank believes that the Corks acted as agents of the plaintiff in communications relating to the subject matter of the dispute and that they possess discoverable information as witnesses. Just as plaintiff's counsel desires to depose Mr. McCalley with regard to his personal knowledge of the facts of the foreclosure sale, the Bank desires to depose the Corks with regard to their personal knowledge of the facts of the foreclosure sale.

Respectfully submitted,

William J. Holley, II

WJH:ajj
Attachment
cc:  Walter G. Elliott, Esq.
     Ms. Gladys Morgan
     David J. Lamothe, Esq.
     Robert L. Cork, Esq.
     Patrick C. Cork, Esq.
(158880.1)  001204-00263

APR-03-2001 03:11 PM                                                 P.01

EXHIBIT A

# CORK & CORK

ATTORNEYS AT LAW
700 NORTH PATTERSON STREET
VALDOSTA, GEORGIA 31601

ROBERT L. CORK (FL., GA. & SC)                          TEL (229) 244-0101
PATRICK C. CORK (FL., GA. & SC)                         FAX (229) 247-5929

April 3, 2001

Lou Allen, Esquire
The Oglethorpe Building, Suite 181          FAX:770-455-3660
2971 Flowers Road South
Atlanta, Georgia
30341-4147

    Re:   <u>Richard M. Stewart, Jr., vs. Bank of America, et al.</u>

Dear Lou:

    Please be advised that your agent, Mr. McCalley, refused the payoff which was tendered on the front steps of the Lowndes County Courthouse this afternoon. Our client was the highest bidder at the foreclosure and bettered the bid of your client; as witnessed by several onlookers. Mr. McCalley claims that he was instructed by you not to accept the payoff from our client and to refuse the tender of payment by the highest bidder. Mr. McCalley says that the presence of the words "Under protest" on the notation of the cashiers' check gives your client the right to refuse to accept the payment. Mr. McCalley refused to accept our higher bid for the property. This fact is significant because it is a clear indication of your client's malicious intent and mean spirit; a disire to punish Mr. Stewart; a *mens rea.*

    Please be further advised that our client has instructed us to file suit against your client immediately for wrongful, malicious and fraudulent foreclosure and for punitive or exemplary damages. We intend to file our Complaint against your client without further notice to you.

                Yours very truly,

                Patrick C. Cork

APR-03-2001 16:13 FROM:WILLIAM MCC.  .EY PC  2299851982      TO:7  553990      P.001/001

# William C. McCalley, P.C.
### Attorney at Law
P.O. Box 938
Moultrie, Georgia 31776-0938

*Telephone*
*(229) 985-1977*

*Facsimile*
*(229) 985-1982*

April 3, 2001

Mr. Patrick C. Cork
Cork & Cork
700 North Patterson Street
Valdosta, Georgia 31601

RE:   Richard M. Stewart, Jr.

Dear Mr. Cork:

I am in receipt of a copy of your letter dated April 3, 2001 to Ms. Lou Allen. The alleged facts stated in your letter are either untrue or are distortions of the truth. Specifically, I never claimed that I was instructed by the bank not to accept an adequate tender of payment by a higher bidder than the bank. Your client was not the highest bidder at the sale because your client did not tender the appropriate cash funds. Your client's certified check was not in the correct amount, was less than the bid that the bank made, and contained the words "under protest" on the check which you instructed your client to write on the check at the time of sale. I told you that I would not accept your client's check with the words "under protest" on the face of the check and gave you opportunity to strike that wording from the check. You refused to do so and therefore I disallowed your client's attempted bid. There were not several onlookers at the sale as referenced by your letter, but only the one witness who came out at the time I was in the process of disallowing your client's attempted bid. Finally, the only mean spirited person at the sale was your father and law partner, Mr. Robert L. Cork. He cursed me out, pointed his finger in my face twice, and was spitting food particles toward me while he was yelling at me. I do not believe that I have ever had another lawyer in my twenty-four years of practice, particularly one from the southern circuit, treat me as I was treated this afternoon.

Yours very truly,

William C. McCalley

WCM:cmf

XC    Ms. L. Lou Allen-via facsimile

**<u>EXHIBIT B</u>**

## PARKER, HUDSON, RAINER & DOBBS LLP

A LIMITED LIABILITY PARTNERSHIP
**ATTORNEYS AT LAW**

WILLIAM J. HOLLEY, II
DIRECT DIAL
**(404) 420-5544**

TELECOPIER
(404) 522-8409

wholley@phrd.com

1500 MARQUIS TWO TOWER
285 PEACHTREE CENTER AVENUE, N.E.
ATLANTA, GEORGIA 30303
(404) 523-5300

OFFICES IN:

ATLANTA, GEORGIA
TALLAHASSEE, FLORIDA

August 21, 2001

**VIA U.S. MAIL DELIVERY**

Robert L. Cork, Esq.
Patrick C. Cork, Esq.
Cork & Cork
700 N. Patterson Street
Valdosta, Georgia 31601

      Re:    *Richard M. Stewart, Jr. v. Bank of America, N.A.*; United States District Court,
                **Middle District of Georgia, Valdosta Division; File No.: 7:01-CV-36(WDO)**

Dear Gentlemen:

     In the recent August 14, 2001 status conference, Judge Owens explained that the Court
believed that it is improper for either of you to act as counsel for Mr. Stewart in the current action
against Bank of America, N.A. Given the apparent conflict in your roles as witnesses and counsel,
we respectfully must request that you withdraw as counsel for Mr. Stewart within twenty (20) days
of the date of this letter. As you know, Judge Owens has provided us ninety (90) days to take
depositions and we would like to proceed as soon as substitute counsel makes appearance for Mr.
Stewart.

     Thank you for your courtesy.

                  Sincerely,

                  William J. Holley, II

WJH:awl
cc:   Ms. Gladys B. Morgan
      David Lamothe, Esq.
      Walter G. Elliott, Esq.
      Aaron W. Lipson, Esq.
      {161789.1}  001204-00263

**EXHIBIT C**

# CORK & CORK

ATTORNEYS AT LAW

700 NORTH PATTERSON STREET

VALDOSTA, GEORGIA 31601

ROBERT L. CORK (FL., GA. & SC)
PATRICK C. CORK (FL., GA. & SC)

TEL (229) 244-0101
FAX (229) 247-5929

August 27, 2001,

Mr. William Holley, II
Parker, Hudson, Rainer & Dobbs
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, Georgia
30303

Dear Mr. Holley:

It now appears that you and various members of your firm have become material witnesses and it will be necessary to depose you as to matters that you have witnessed during your representation of the defendant. First, you are, as far as we know, the only person who claims to have seen a returned check marked "NSF", yet, curiously, neither the bank or your firm are able to produce the item or otherwise describe it. Second, you have taken a statement from an employee of the defendant which will be very damaging to the defendant once it is proven to be false. Third, it is possible that the employee's statement will change between the time that she spoke with you or other members of the firm and the time of her deposition or the trial of this case.

For these reasons, we respectfully request that you withdraw as counsel for the defendant within ten (10) days of the date of this letter and kindly provide us with some dates for your deposition and the other members of your firm that purport to have any information about the case.

Thank you for your courtesy.

Yours very truly,

Patrick C. Cork

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD M. STEWART, JR.,            )
                                    )
              Plaintiff,            )
                                    )
v.                                  )   CIVIL ACTION FILE NO. 7:01-CV-36
                                    )
BANK OF AMERICA, N.A.,              )
                                    )
              Defendant.            )
_____)

**BRIEF IN SUPPORT OF DEFENDANT
BANK OF AMERICA, N.A.'S MOTION TO DISQUALIFY
<u>ROBERT CORK AND PATRICK CORK AS PLAINTIFF'S COUNSEL</u>**

The Court should disqualify Robert Cork and Patrick Cork from acting as Plaintiff's trial counsel in this action because they are witnesses to material events alleged in the Complaint.

**I.    Statement of Facts**

Plaintiff Richard M. Stewart, Jr. ("Plaintiff") brought suit against Defendant Bank of America, N.A. (the "Bank") for disputes arising from the Bank's foreclosure sale of real property securing a promissory note executed by the Plaintiff. (Compl. ¶ 3.) Current counsel of record for Plaintiff, Robert and Patrick Cork, were present at the subject foreclosure sale, discussed with the Bank's representative the terms of a potential payoff to the Bank, and advised the Plaintiff during the foreclosure sale regarding the notations that Plaintiff placed on the instrument in an attempt to tender payment. (Compl. ¶¶ 12-16; Cert. Good Faith pp. 1-3.)

Despite their roles as key witnesses who were personally involved in the underlying events leading to the Plaintiff's filing

of suit against the Bank, Robert and Patrick Cork currently represent the Plaintiff in the instant action. Moreover, despite having been advised by the Bank's counsel of the potential advocate-witness ethical concerns, having been advised by the Court that they could not be both witnesses and lawyers, and the written request of the Bank's counsel for Robert and Patrick Cork to withdraw, Robert and Patrick Cork have not withdrawn and have left the Bank no option but to seek leave of the Court to disqualify them as counsel. (Transcr. of Status Conf. pp. 20-23 (excerpt attached hereto as <u>Exhibit A</u>); Cert. Good Faith pp. 1-3.) The Bank therefore respectfully requests the Court to enter an order disqualifying Robert Cork and Patrick Cork from their representation of the Plaintiff in the present case.

## II.  Argument and Citation of Authority

Middle District of Georgia Local Rule 83.2.1(A) provides that:

> Attorneys practicing before this Court shall be governed by this Court's Local Rules, by the Rules of Professional Conduct adopted by the highest court of the state in which this Court sits, as amended from time to time by that state court, and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct, except as otherwise provided by specific Rule of this Court.

The Georgia Supreme Court and the American Bar Association employ an identical rule  prohibiting counsel from acting as both an advocate **and** as a witness:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1)  the testimony relates to an uncontested issue;
> (2)  the testimony relates to the nature and value of legal services rendered in the case; or

> (3)  the disqualification of the lawyer would work
>       substantial hardship on the client

Model Rule of Professional Conduct 3.7(a).[1]

In the current case, none of the three potential exceptions to the "advocate-witness" rule are applicable.  First, the Bank plainly denies Plaintiff's version of key facts regarding the foreclosure sale witnessed by Robert and Patrick Cork.[2]  Compare Compl. ¶¶ 12-16 with Answer ¶¶ 12-16 (denying key facts relating to foreclosure sale as pleaded by Plaintiff).  Second, this litigation does not raise any issues related to the quality or value of legal services rendered.  Third, given the early stage of the litigation Robert and Patrick Cork could withdraw and allow new counsel to make an appearance on behalf of the Plaintiff without any foreseeable hardship to the Plaintiff.  In fact, given the ninety day discovery period prescribed by the Court, it is the Bank that

---

[1]     The Supreme Court of the Georgia adopted the Georgia Rules of Professional Conduct on June 12, 2000, with an effective date of January 1, 2001 (the "Georgia Rules").  The Georgia Rules are a nearly verbatim incorporation of the Model Rules of Professional Conduct established by the American Bar Association. As the key events personally witnessed by Robert Cork and Patrick Cork all occurred after January 1, 2001, the Georgia Rules are the appropriate ethical guidelines to consider.

[2]     The Bank notes that its counsel at the foreclosure sale also possesses personal knowledge relating to the events that transpired.  Thus the Bank's foreclosure counsel is clearly a witness in the current case, is subject to deposition, and, like Robert and Patrick Cork, would be prohibited by the applicable ethical considerations from serving as trial counsel in the current case.

is suffering hardship by its inability to proceed with discovery until new counsel for Plaintiff appears.

The Court has complete discretion to weigh the applicable ethical guidelines in making its decision regarding the disqualification of counsel. See, e.g., Kent v. Peters, 211 Ga. App. 698, 699, 440 S.E.2d 87, 89 (1994) ("The ultimate determination of whether an attorney should be disqualified from representing a client in a judicial proceeding rests in the sound discretion of the trial judge.").[3]  The clear weight of authority requires that an attorney who is to be an advocate for a client is to be disqualified when it becomes apparent that the attorney is also to be a witness in the case.  See, e.g., Hutchinson v. Spanierman, 190 F.3d 815, 828 (7th Cir. 1999) (affirming lawyer's disqualification under Indiana Rule of Professional Conduct 3.7 -- identical in form to Georgia Rule of Professional Conduct 3.7).[4]

Given Robert Cork's and Patrick Cork's personal roles in the underlying factual transactions, and the Bank's need to cross-

---

[3]    Even with the recent adoption of the Georgia Rules, there is significant authority in Georgia providing the trial judge the authority and discretion to disqualify counsel attempting to serve as both advocate and witness.  See, e.g., Cherry v. Coast House, Ltd., 359 S.E.2d 904, 906, 257 Ga. 403, 405 (1987); McCabe v. Lundell, 405 S.E.2d 693, 696, 199 Ga. App. 639, 641 (1991).

[4]    As a result of the recent adoption of the Georgia Rules, little case law exists construing the exact text of these new rules in similar factual scenarios.  Given the wholesale uniformity of the Model Rule's text in numerous other jurisdictions, however, it is highly instructive to examine the law of other jurisdictions which employ the identical ethical code.

{163736.2}  001204-00263                    - 4 -

examine them as material witnesses in this case, it is crucial that they be removed from their representation of the Plaintiff and new counsel make an appearance so that discovery may move forward and this case continue to progress to a resolution.

## IV.   Conclusion

For the reasons set forth above, the Bank respectfully requests the Court to disqualify Robert Cork and Patrick Cork from representing the Plaintiff in the current action due to their roles as both witnesses and lawyers.

Respectfully submitted,

**ELLIOTT & BLACKBURN, P.C.**

By: *Walter G. Elliott*
    Walter G. Elliott
    Georgia Bar No. 244855

3016 North Patterson Street
Valdosta, Georgia 31602
(229) 242-3333

**PARKER, HUDSON, RAINER & DOBBS LLP**

By: 
    William J. Holley, II
    Georgia Bar No. 362310
    Charles W. Lyons
    Georgia Bar No. 462345
    Aaron W. Lipson
    Georgia Bar No. 453828

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404)523-5300

Attorneys for Bank of America, N.A.

# **<u>EXHIBIT A</u>**

1
2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION (IN MACON)

3

RICHARD M. STEWART, JR.,            :
4          PLAINTIFF,               : Case No. 7:01-CV-36
VS.                                 :
5                                   : August 14, 2001
                                    : Macon, Georgia
BANK OF AMERICA, N.A.,              :
6          DEFENDANT.               :    9:30 a.m.

7
                        STATUS CONFERENCE
8
          BEFORE THE HONORABLE WILBUR D. OWENS, JR.
9                UNITED STATES DISTRICT JUDGE

10  APPEARANCES:

11  FOR THE PLAINTIFF:              MR. ROBERT LANDER CORK
                                    ATTORNEY AT LAW
12                                  700 N. PATTERSON ST.
                                    VALDOSTA, GA  31601
13
FOR THE DEFENDANT:                  MR. WILLIAM J. HOLLEY, II
14                                  MR. AARON LIPSON
                                    PARKER, HUDSON, RAINER & DOBBS
15                                  285 PEACHTREE CENTER AVE. N.E.
                                    1500 MARQUIS TWO TOWER
16                                  ATLANTA, GA  30303

17

18                                  MR. WALTER G. ELLIOTT, II
                                    ATTORNEY AT LAW
19                                  3016 NORTH PATTERSON ST.
                                    VALDOSTA, GA  31602
20

21

22               SALLY L. GRAY, CCR
              OFFICIAL COURT REPORTER
23          U.S. MIDDLE DISTRICT COURT
                 P. O. BOX 875
24            MACON, GA 31202-0875

25          Computer-Aided Transcription

1   embark on a discovery course, the bank was going to ask the Court

2   to consider referring us to a mediator.

3          THE COURT:   Did the bank seek to confirm the

4   foreclosure?

5          MR. LIPSON:   The bank has not acted in reference to the

6   foreclosure since the suit was filed.

7          THE COURT:   No, I mean, the suit was filed after

8   foreclosure.   Did y'all go into state court and seek a

9   confirmation of the foreclosure?

10         MR. HOLLEY:   I don't know Your Honor, I don't believe so.

11         THE COURT:   Did you seek a deficiency?

12         MR. HOLLEY:   I don't think that was a belief at the time,

13  but I don't know.

14         THE COURT:   Well, my first concern was over the fact that

15  we've got counsel supposedly as witnesses, and we're not going to

16  allow that.   So what do you suggest on that issue?

17         MR. CORK:   Well, my position has been this, and I think I

18  can speak for Patrick, both of our positions have been, they can

19  ask us any questions they like.   We're not so hard get along with.

20         THE COURT:   But you can't be a witness, Bob, and neither

21  can Patrick.

22         MR. CORK:   I know, but I meant, they could ask us any

23  questions informally.   We wouldn't -- I don't know anything, I

24  don't think Patrick knows anything that's confidential between the

25  attorney and client, and we'd tell them anything they want to know

1    if they just ask us, but they've never asked us the first

2    question.  On the second matter, an attorney can state in his

3    place if he has to say something, if it's something that just has

4    to be said that can't be discovered through other means, he can

5    state in his place, and that's --

6          THE COURT:  No, sir, you're not going to do that in this

7    court.  You might do it in another court.

8          MR. CORK:  Well, --

9          THE COURT:  You're not going to be a witness.

10         MR. CORK:  All right, I just meant on some little a side

11   issue.

12         THE COURT:  -- including stating in your place or

13   whatever else you want to call it.  We don't allow any lawyer to

14   be a witness.

15         MR. CORK:  I'm not anxious to be a witness.

16         THE COURT:  Well, I realize that.

17         MR. CORK:  They say lawyers may make the poorest

18   witnesses in the country.

19         THE COURT:  Well, that may be, but --

20         MR. CORK:  No, I think it's -- I just hadn't heard of it

21   being done -- I've known -- I mean, I've heard they've tried to do

22   it, lawyers trying to beef up the client's case and got himself

23   disqualified for being a witness in his client's case, and they do

24   that almost uniformly around the country.  They say, wait a

25   minute, you testified in this case, you can't be the attorney,

1  you're going to have to get somebody else to act as the attorney

2  for your client.  So I'm in full agreement with what Your Honor is

3  saying.

4          THE COURT:  All right, who's going to represent

5  Mr. Stewart, then?

6          MR. CORK:  Sir?

7          THE COURT:  Who's going to represent Mr. Stewart?

8          MR. CORK:  Well, Patrick is lead counsel.

9          THE COURT:  No, sir.  Patrick can't be counsel, and you

10  can't be counsel.

11          MR. CORK:  Oh, you mean if we testify.

12          THE COURT:  No, sir.  Whatever you say is in effect your

13  testimony, because you're basing it on your knowledge, not on your

14  client's knowledge, --

15          MR. CORK:  Yes, sir.  Well, --

16          THE COURT:  -- so you may as well --

17          MR. CORK:  I don't intend to testify in the case.

18          THE COURT:  Well, you better go home and discuss with

19  your client who's going to represent him.

20          MR. CORK:  You mean if I don't testify, I don't -- I'm

21  not disqualified from representing him.

22          THE COURT:  Well, I think you are.

23          MR. CORK:  If I don't testify?

24          THE COURT:  I don't think you can be a non witness when

25  you're a witness.

1          MR. CORK:  Well, I don't intend to be a non witness as

2     far as that goes.  You asked me some questions here this morning

3     just --

4          THE COURT:  I know, but you--

5          MR. CORK:  All I've told you is what the client knows.

6          THE COURT:  -- you want to speak to the jury, --

7          MR. CORK:  Yes, sir.

8          THE COURT:  -- and in doing so, rely upon the knowledge

9     you've gained from participating in the transaction; isn't that

10    right?

11         MR. CORK:  Well, we have other witnesses.  We have -- A,

12    -- number one, we have the client himself; he's a witness.  If

13    he's not believable, I don't think that anything I'd say would be

14    any good.  He knows -- the client knows everything I know about

15    the transaction.  B, the -- on the key question there of trying to

16    pay the amount off in front of the courthouse under protest, I

17    have two witnesses there, two independent witnesses, the Judge's

18    law clerk and the deputy sheriff, we had both of them there.  And

19    then there would be absolutely no need for me to tell the jury

20    anything -- any of my impressions.

21         THE COURT:  You know, I've known you since --

22         MR. CORK:  -- law school.

23         THE COURT:  -- law school, and I don't believe a thing

24    you tell me.  You and I studied under the same good professor.

25    All right, the basic question is what is the effect of that

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing: (1) MOTION OF DEFENDANT BANK OF AMERICA, N.A. TO DISQUALIFY ROBERT CORK AND PATRICK CORK AS PLAINTIFF'S COUNSEL; (2) CERTIFICATE OF GOOD FAITH EFFORTS TO RESOLVE DISPUTE; and (3) BRIEF IN SUPPORT OF DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISQUALIFY ROBERT CORK AND PATRICK CORK AS PLAINTIFF'S COUNSEL upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Robert L. Cork, Esq.
> Patrick C. Cork, Esq.
> Cork & Cork
> 700 N. Patterson Street
> Valdosta, Georgia 31601

This _13ʳᵈ_ day of _September_, 2001.

By: _____
William J. Holley, II